**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARCUS WILLIAMS, | : : | Civil No. 09-4765 (RMB) |
| Petitioner, | : : |  |
| v. | : : | **OPINION** |
| WARDEN PAUL SCHULTZ, | : : |  |
| Respondent. | : : |  |

**APPEARANCES:**

    MARCUS WILLIAMS, Plaintiff pro se
    #56833-066
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**BUMB, District Judge**

Plaintiff, Marcus Williams ("Williams"), a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. Williams names Warden Paul Schultz as the respondent in this action.

This Court has reviewed the petition filed by Williams, and for the reasons set forth below, will dismiss the petition for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

I. BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations. The Court also refers to, and takes judicial notice of the criminal docket for Williams' underlying conviction, and including Williams' motion filed under 28 U.S.C. § 2255.[1]

On or about July 29, 2004, Williams was convicted in the United State District Court for the Eastern District of Pennsylvania, for conspiracy to distribute (50) grams of cocaine base and possession to distribute cocain base, in violation of 21 U.S.C. §§ 846 and 841, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Williams was sentenced on October 29, 2004, to an aggregate prison term of 300 months with ten years of supervised release. (Petition, ¶¶ 3-5, see also United States v. Marcus Williams, Criminal No. 02-172-37 (E.D.Pa.) at docket entry nos. 1361, 1591).

Thereafter, Williams filed a timely notice of appeal to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed Williams' conviction in or about March 2006.

---

[1] See United States v. Marcus Williams, Criminal No. 02-172-37 (Civil No. 06-cv-4912)(E.D.Pa.).

The Supreme Court of the United States denied his writ of certiorari on October 3, 2006.

On or about January 26, 2007, Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Williams raised claims alleging the ineffective assistance of trial and appellate counsel.  The Honorable Stewart Dalzell, Jr., United States District Judge for the Eastern District of Pennsylvania denied Williams' § 2255 motion by Order filed March 16, 2007.  Williams appealed to the Third Circuit from denial of his § 2255 motion. On September 10, 2007, the Third Circuit issued a final judgment, denying Williams' request for a certificate of appealability because Williams had not made a substantial showing of the denial of a constitutional right.

On September 16, 2009, Williams filed this petition for habeas relief under 28 U.S.C. § 2241.  He raises the following grounds for relief: (1) appellate counsel was ineffective for failing to object to an enhancement for a prior conviction that was not a felony; (2) Williams is actually innocent of the offense charged under 18 U.S.C. § 924(c)(1)(A); and trial counsel was ineffective for stipulating to the amount and kind of drugs.  Williams contends that a § 2255 motion is inadequate or ineffective because he is actually innocent.  (Petition at ¶ 13).

II.   DISCUSSION

A.   Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Williams brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c)The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  Jurisdiction

Here, Williams contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed a previous § 2255 motion, because he is "actually innocent," and because relief under § 2255 now is barred and, thus, is "inadequate or ineffective."  Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir.1997).  Williams further appears to contend that § 2255 is "inadequate or ineffective" because its gatekeeping provisions have prevented a hearing on the merits of his claim of actual innocence.

As noted by the United States Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to

establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

6

Thus, under Dorsainvil, this Court would have jurisdiction over Williams' petition if, and only if, Williams demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review.  119 F.3d at 251-52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

In this case, Williams contends that he is actually innocent of the crimes for which he was convicted based on his counsel's errors in stipulating to the amount and kind of drugs at trial without confronting the chemist who testified on these issues, and for failing to object to information used to enhance his sentence based on prior convictions that were not felonies.

A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court.  See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2 Fed. App'x 645, at

7

*1 (8th Cir. 2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000).

In House, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." House, 126 S.Ct. at 2087. The Supreme Court did, however, provide some insight into what might be required to prove such a claim. Id. (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The Court recognized, as it did in Herrera, that the standard for any freestanding innocence claim would be "'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim. Id. at 2087 ("The sequence of the Court's decisions in Herrera and Schlup[2]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that Herrera requires more convincing proof of innocence than Schlup."). Even assuming that such a freestanding claim could be raised, Williams has not met or even approached an "extraordinarily high" standard here by asserting only that his counsel was ineffective with respect to a sentence enhancement and by stipulating to the amount and type of drugs for which petitioner was convicted. Indeed, Williams does not allege any facts to show that he is factually innocent of the substantive

---

[2]   Schlup v. Delo, 513 U.S. 298, 327 (1995).

8

charges for which he was convicted.  Rather, his claims are simply claims of innocence based on alleged legal, procedural defects regarding counsel's ineffectiveness with respect to the amount and type of drugs shown at trial and issues concerning his sentence.

Consequently, Williams is not entitled to relief on his "actual innocence" claim.  Williams has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He does not allege an intervening change in the law that renders non-criminal the crimes for which he was convicted.  Williams also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Williams has not received authorization to file, and over which this Court lacks jurisdiction.[3]  28 U.S.C. § 2255.

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Williams an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Williams in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Although Williams has not petitioned the Court of Appeals for the Third Circuit for leave to file a successive § 2255 motion, this petition clearly fails to allege any of the predicate grounds permitting a second or successive § 2255 motion.[4]  Therefore, this Court finds that it would not be in the interests of justice to transfer this Petition to the United States Court of Appeals for the Third Circuit.  Accordingly, this Petition must be dismissed for lack of jurisdiction.

---

[4]  In fact, this Court notes that Williams did raise the issue of trial counsel's ineffectiveness concerning the stipulation as to the amount and type of drugs, in his first § 2255 motion.  Thus, he surely cannot show the Third Circuit (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  See 28 U.S.C. §§ 2244(a), 2255.

III. <u>CONCLUSION</u>

For the reasons set forth above, this action for habeas relief under § 2241 will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive motion under § 2255 challenging petitioner's federal sentence. An appropriate order follows.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>March 31, 2010</u>